U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JUL 23 PM 4: 42

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

v.

PAUL HEBERT,
   Defendant.

Docket No. 2:15-cr-109-1

18 U.S.C. § 1001(a)(2)
18 U.S.C. § 1035(a)(1)
42 U.S.C. § 1383a(a)(2) and (3)

# INDICTMENT

## COUNT 1

The Grand Jury Charges:

1. At all times material to this Indictment, the Social Security Administration ("SSA") was an agency of the United States, which administered the Supplemental Security Income ("SSI") Program, which provides monthly cash benefits to individuals who have been found by SSA to be medically "disabled," and who have, in addition, been found by SSA to be eligible for SSI on the basis of financial need, as determined in relation to both "income" and "resources" (as those terms are defined for purposes of the SSA Program). Eligibility for SSI monthly cash benefits depends upon the severity of the applicant's condition, and the amount of the check paid to each SSI recipient depends upon: (1) how much other income an individual receives; (2) the living arrangements of the individual; and (3) other circumstances that affect an individual's financial needs. SSA's ability to properly determine a recipient's continuing eligibility, and the correct monthly benefit due that recipient, is directly dependent upon SSA's ongoing access to accurate and current information regarding the recipient.

2. In or about May, 2009, within the District of Vermont, PAUL HEBERT made application to SSA for SSI benefits. On his application, PAUL HEBERT falsely stated that he was unable to work at any job, that he was disabled in that he could not walk properly, could not lift heavy weights, could not drive formore than short distances, that he lived alone, that he had no financial resources and no vehicle and that he had no income. On that date and afterward, PAUL HEBERT swore that his statements were true.

3. In and after May, 2009, PAUL HEBERT in fact was living with a woman with whom he had a child, owned a vehicle and was doing at least some work for pay, including fishing for tuna and appearing on a television show, owned a vehicle and was capable of arduous physical labor, all of which events affected his initial and/or continued right and/or eligibility to receive SSI benefits.

4. On or about September 10, 2009, PAUL HEBERT'S application for SSI was denied.

5. On or about November 25, 2009, PAUL HEBERT filed an appeal of the denial of his application for SSI.

6. PAUL HEBERT began occasional work as a tuna fisherman in the Fall of 2009 and earned over $10,000 through November, 2010.

7. On or about October 28, 2010, in the District of Vermont, PAUL HEBERT, in a matter within the jurisdiction of the Social Security Administration, made a false material statement knowing the same to be false, by swearing at a hearing on his claim for SSI benefits that he was completely disabled and unable to work, which he knew to be false as he was at that time working as a tuna fisherman.

(42 U.S.C. § 1383a(a)(2))

## COUNT 2

The Grand Jury further charges:

8. Paragraphs 1 through 6 of this Indictment are incorporated by reference as if fully set forth here.

9. On or about May 21, 2009, defendant PAUL HEBERT was notified, as part of the SSI application procedure, that he was obliged to notify SSA if he returned to work in any way, regardless of the amount of his earnings.

10. On or about October 29, 2010 SSA granted the application by defendant PAUL HEBERT for SSI benefits. Defendant PAUL HEBERT received payments totaling $9,789.30 in November, 2010. PAUL HEBERT then received monthly checks from SSA of at least $726 through April, 2013. Two of the monthly checks PAUL HEBERT received, in May, 2011 and November, 2011, were larger, being worth $2,904 and $1,827, respectively. PAUL HEBERT received a total of $34,555.88 from SSA between November, 2010 and April, 2013.

11. On or about November 18, 2010, defendant PAUL HEBERT was notified that he was being awarded SSI benefits. He received a letter summarizing his own statements, including that he was living alone, that he had no resources other than $25, and that his only income was $56 monthly from the State of Vermont plus food stamps. The letter also stated that defendant PAUL HEBERT was obliged to report any changes in his living conditions, including starting to work or an increase in his income, within 10 days from the end of the month in which the changes occurred.

12. Despite having an initial and continuing obligation as an SSI recipient to immediately notify SSA of any changes in his income, resources, address, and living arrangements for October 2010 to in or about April, 2013 in the District of Vermont and

3

elsewhere, PAUL HEBERT concealed and failed to disclose such events to SSA, including changes in his income, his housing address and his living arrangements with an intent fraudulently to secure SSI benefits in a greater amount or quantity than was due and when no such benefit was authorized.

(42 U.S.C. § 1383a(a)(3))

## COUNT 3

The Grand Jury further charges:

13. The U.S. Department of Health and Human Services ("HHS") is an agency of the United States. HHS provided funding for several programs that were administered by the states, including Medicaid. In Vermont, Medicaid is administered by the Department of Vermont Health Access, a department of the Vermont Agency of Human Services

14. Medicaid is a program for low-income individuals. Federal regulations require that individuals applying for benefits must complete an application that is submitted to the state agency administering the program. On the application the applicant must truthfully answer questions regarding his or her income, assets, household composition, and other issues that are relevant to determining financial eligibility.

15. Between February, 2009 and October, 2012, defendant PAUL HEBERT received Medicaid benefits. The total amount of claims paid on behalf of the defendant during this period was $9,506. His claims during that entire period were paid on the basis of false statements made by PAUL HEBERT that he was living alone, that he had no income, that he had no vehicle and that he had no assets. In fact, during that period he was living with Robin Bickford and their child, Ashley Bickford, he owned a vehicle, and, at least beginning in October, 2010, he earned money through fishing and later through his television work. He also owned a housing unit during part of that period.

16. From in or about February 2009 to in or about October 2012, in the District of Vermont and elsewhere, PAUL HEBERT, in a matter involving a health care benefit program, knowingly and willfully falsified, concealed and covered up by trick, scheme and device material facts in connection with the payment for health care benefits, items and services.

(18 U.S.C. § 1035(a)(1))

## COUNT 4

17. Paragraphs 13 through 16 of this Indictment are incorporated by reference as if fully set forth herein.

18. On or about March 19, 2012, in the District of Vermont, PAUL HEBERT, in a matter within the jurisdiction of the Department of Health and Human Services, knowingly and willfully made materially false, fictitious and fraudulent statements and representations on an application to receive Medicaid benefits by stating that he lived alone, denied living with the parent of his child, stated that he had no income from a job or from self-employment, and stated that he had no assets and no vehicle, when in fact the defendant was working and receiving income, owned a vehicle, and shared a residence with the mother of his child.

(18 U.S.C. § 1001(a)(2))

A TRUE BILL.

_____
FO_____

_____(JJG)
EUGENIA A.P. COWLES
Acting United States Attorney
Burlington, Vermont
May ___, 2015